# EXHIBIT 9



**Aaron L. Hammer**
Direct Dial: (312) 242-3293
Mobile: (224) 531-2903
E-Mail: ahammer@hmblaw.com

September 5, 2023

**VIA E-MAIL AND VIA FEDERAL EXPRESS**

**Twain GL XXV, LLC (Twain GL)**
c/o Andrew J. Scavotto, counsel for Twain
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
andrew.scavotto@stinson.com

**Twain Financial Partners LLC (Twain Financial)**
c/o Andrew J. Scavotto, counsel for Twain
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
andrew.scavotto@stinson.com

**Stinson LLP (Counsel for Twain)**
c/o Andrew J. Scavotto
7700 Forsyth Boulevard, Suite 1100
St. Louis, Missouri 63105
andrew.scavotto@stinson.com

**MorrisAnderson & Associates, Ltd. (Receiver)**
c/o Brian Hockett, counsel for the Receiver
One US Bank Plaza
St. Louis, Missouri 63101
bhockett@thompsoncoburn.com

**Thompson Coburn LLP (Counsel for the Receiver)**
c/o Brian Hockett
One US Bank Plaza
St. Louis, Missouri 63101
bhockett@thompsoncoburn.com

**American Healthcare Systems Missouri, LLC (AHS)**
c/o Thomas H. Riske, counsel for AHS
120 South Central Avenue, Suite 1800
St. Louis, MO 63105
thr@carmodymacdonald.com

**Carmody MacDonald P.C. (Counsel for AHS)**
120 South Central Avenue, Suite 1800
St. Louis, MO 63105
thr@carmodymacdonald.com

**Re:    Notice of Violation of Automatic Stay**

Please be advised this firm represents Goldberg Healthcare Partners, LLC, Fairborz Saidara, Matthew Haddad, and Yoel Pesso (collectively, the "Petitioning Creditors"). As you are well aware, on August 31, 2023 (the "Involuntary Petition Date"), an involuntary petition (the "Involuntary Petition") was filed against SA Hospital Acquisition Group, LLC (the "Debtor") by the Petitioning Creditors in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), which was assigned case number 23-11367 (the "Bankruptcy Case").

6895744/1/22516.000



**Aaron L. Hammer**
Direct Dial: (312) 242-3293
Mobile: (224) 531-2903
E-Mail: ahammer@hmblaw.com

As provided in section 362 of title 11 of the United States Code (the "Bankruptcy Code"), an involuntary petition filed under section 303 operates as a stay of:

> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> …
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;
> (4) any act to create, perfect, or enforce any lien against property of the estate;
> (5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;
> (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1), (3)-(6).

The application of the protections afforded a debtor by section 362 of the Bankruptcy Code is automatic with the filing of a chapter 11 petition, and the injunction contained in section 362 of the Bankruptcy Code constitutes a fundamental protection for debtors, which, in combination with other provisions of the Bankruptcy Code, provides debtors with a "breathing spell from its creditors" that is essential a debtor's ability to reorganize successfully. *See Borman v. Raymark Indus., Inc.*, 946 F.2d 1031, 1033 (3d Cir. 1991); *Association of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3d Cir. 1982) (internal citations omitted). In addition, the automatic stay "protect[s] the bankrupt's estate from being eaten away by creditors' lawsuits and seizures of property before the trustee has had a chance to marshal the estate's assets and distribute them equitably among the creditors." *Mar. Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1204 (3d Cir. 1991) (quoting *Martin–Trigona v. Champion Fed. Sav. & Loan Assoc.*, 892 F.2d 575, 577 (7th Cir.1989)).

Furthermore, upon the filing of the bankruptcy petition, a custodian of the debtor's property, which, by definition of the Bankruptcy Code, includes a state court appointed receiver, is prohibited from administering the property of the debtor after the filing of the bankruptcy petition or take any action except to do what is necessary to preserve the property. 11 U.S.C. §§ 101(10), 543(a). Furthermore, such a custodian must deliver the property to the bankruptcy trustee and must file an accounting. 11 U.S.C. §§ 543(b)-(c); Fed. R. Bankr. P. 6002(a).

On August 31, 2023, we sent notice (the "Notice") of the Involuntary Petition to, *inter alia*, certain parties in the state court litigation commenced by Twain GL XXV, LLC ("Twain GL") against both the Debtor and SA Hospital Real Estate Holdings, LLC ("Tenant") in the Circuit



**Aaron L. Hammer**
Direct Dial: (312) 242-3293
Mobile: (224) 531-2903
E-Mail: ahammer@hmblaw.com

Court of the City of St. Louis, Missouri, which was assigned Case No. 2322-CC00960 (the "Receivership Action"), including you.

Despite being notified of the Bankruptcy Case through both the Notice and the *Suggestion of Bankruptcy and Notice of Automatic Stay of Proceedings* (the "Bankruptcy Notice") filed by state court counsel to the Debtor and Tenant in the Receivership Action, it has come to our attention, upon information and belief, that you disregarded the automatic stay by proceeding forward with a motion at the hearing held in the Receivership Action on September 1, 2023, which led to an order being entered (the "September 1 Order"), which states, *inter alia*: "certain funds advanced by Twain [Financial]… shall constitute a superpriority administrative expense claim in favor of Twain [Financial], and Twain [Financial] shall be reimbursed from the first dollars available, prior to Twain [Financial] and AHS being reimbursed in *pari passu* for the funds advanced by Twain [Financial] and AHS previously …" Furthermore, it is our understanding, upon information and belief, that on September 5, 2023, the Receiver wired, to Twain Financial, funds in the amount of $800,000. Moreover, upon information and belief, it is our understanding that the Receiver intends on presenting certain motions in the Receivership Action on September 6, 2023, that would lead to further dissipation of Estate assets.

The Petitioning Creditors hereby demands that you cease any further prosecution of the Receivership Action and other violations of the automatic stay. Furthermore, notice is being provided to you that the Petitioning Creditors will be filing an emergency motion in the Bankruptcy Court seeking to enjoin such violations of the automatic stay and seeking damages, including punitive damages, for the continuous, flagrant, and willful violations of the automatic stay.

The Petitioning Creditors hereby reserves all its rights and remedies under the automatic stay and applicable law, without limitation. Any non-exercise of or delay in exercising any of the Petitioning Creditors' rights and remedies on the date hereof or at any time hereafter shall not be deemed a waiver of any such rights and remedies.

Please contact the undersigned to discuss a resolution to this matter. We look forward to hearing from you.

Very truly yours,

Aaron L. Hammer, Esq.

Cc (email):   Eric Sutty
             Nathan Delman
             Dan Wen



**Aaron L. Hammer**
Direct Dial: (312) 242-3293
Mobile: (224) 531-2903
E-Mail: ahammer@hmblaw.com

mklein@frankelrubin.com
nicholas.zluticky@stinson.com
mmoedritzer@shb.com
rscherck@greensfelder.com
kfh@greensfelder.com
rbrown@grsm.com
dor.gcobankruptcy@dor.mo.gov
mckinnis@hmhpc.com
meddy@lashlybaer.com
dps@carmodymacdonald.com

6895744/1/22516.000