# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> SA Hospital Acquisition Group, LLC, <br><br> Debtor. | Chapter 11 <br><br> Case No. 23-11367 (BLS) |

### MOTION TO SHORTEN NOTICE AND OBJECTION PERIODS REGARDING PETITIONING CREDITORS' *EMERGENCY* MOTION TO ENFORCE THE AUTOMATIC STAY

Goldberg Healthcare Partners, LLC, Fairborz Saidara, Matthew Haddad, and Yoel Pesso (collectively, the "Petitioning Creditors") in the above-captioned chapter 11 case (the "Case"), hereby move the Court (the "Motion to Shorten"), pursuant to section 102 and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code"), Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules for the United States Bankruptcy Court of the District of Delaware (the "Local Rules"), for an order, substantially in the form attached hereto as Exhibit A, shortening the notice and objection periods for the *Petitioning Creditors' Emergency Motion to Enforce the Automatic Stay* (the "Motion"), filed contemporaneously herewith.[1]

In support of this Motion to Shorten, the Petitioning Creditors respectfully represent as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion to Shorten pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

3. The statutory and legal bases for the relief requested in this Motion to Shorten are sections 102(1) and 105(a) of the Bankruptcy Code, Bankruptcy Rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9006-1(e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court of the District of Delaware (the "Local Rules").

4. Pursuant to Local Rule 9013-1(f), if it is determined that the Court, absent consent of the Parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution, the Petitioning Creditors consent to the entry of a final order in connection with this Motion to Shorten.

## BACKGROUND

5. The relevant factual and procedural background is set forth in the Motion. The facts contained in the Motion are incorporated herein by reference as if set forth in full herein.

## RELIEF REQUESTED

6. By this Motion to Shorten, the Petitioning Creditors request entry of an order scheduling a hearing on the Motion on the earliest date on which the Court has availability and requiring objections to be presented before or at such hearing.

## BASIS FOR RELIEF

7. Pursuant to Bankruptcy Rule 9006(c)(1), the Court may, for cause shown, shorten the otherwise applicable notice period. *See* Fed. R. Bankr. P. 9006(c)(1). "In exercising that discretion, [the court] should consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing on the motion on an expedited basis." *In re Philadelphia Newspapers, LLC*, 690 F.3d 161, 172 (3d Cir. 2012).

8. Local Rule 9006-1(e) likewise provides that notice periods may be shortened "by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e).

9. Local Rule 9006-1(c) provides that unless the Bankruptcy Rules or the Local Rules state otherwise "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i).

10. The Petitioning Creditors submit that good cause and compelling circumstances exist warranting expedited consideration of the Motion and that a prompt hearing is in the best interests of the Debtor's estate and its creditors.

11. A prompt hearing on the Motion is critical because, notwithstanding the Involuntary Notice in this Case, the Circuit Court of the City of St. Louis, Missouri (the "State Court") conducted a hearing on September 1, 2023, where, upon information and belief, the State Court and the certain of the Violating Parties acknowledged this Case, but the State Court was convinced that the commencement of this Case did not stay the Receivership Action nor the entry of the order authorizing the Receiver to pay Twain.

12. The Violating Parties' actions following actual notice and knowledge of the bankruptcy filing, were pursued with the specific intent to deprive the Estate of its assets. When alerted to the fact of the bankruptcy by the Involuntary Notice, the Violating Parties' response was not an attempt to stay the Receivership Action. Rather, their actions leave no doubt that they intended, despite the automatic stay, to move forward with the entering of the Post-Petition State Court Order without first seeking approval from this Court.

13. As the continuation of the Receivership Action leading to the entry of the Post-Petition State Court Order violates the stay, the Post-Petition State Court Order should be held as

void *ab initio*. See Raymark Indus., Inc. v. Lai, 973 F.2d 1125, 1131 (3d Cir. 1992); Maritime Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1206 (3d Cir. 1991).

14. Furthermore, upon information and belief, the following motions of the Receiver (collectively referred to as the "September 6 Motions") are scheduled to be presented in the Receivership Action on September 6, 2023 (the "September 6 Hearing")[2]:

 a. *Motion for Authority to Reject Vehicle Lease and Return Full Possession of Vehicles to Lessor*;

 b. *Motion for Authority to Sell Vehicles*;

 c. *Motion Establishing Claim Bar Date and Notice Procedures*; and

 d. *Motion to Extend Stay Pursuant to MO. REV. STAT. § 515.575.2*.

15. Upon information and belief, the Receiver presently intends on proceeding with the presentment of the September 6 Motions at the September 6 Hearing.

16. Therefore, because the Violating Parties' conduct is not in good faith and because the Receiver failed to comply with his statutory duties under section 543, and this Motion should be granted to prevent the Violating Parties from continued stay violations or further dissipation of Estate assets.

17. Local Rule 9006-1(c) requires that the objection deadlines with respect to motions be scheduled such that all objections to be files and served at least seven days before the hearing date. Here, the Petitioning Creditors request that the Court require that any objections to the Motion be filed on the earliest date that the Court deems appropriate.

---

[2] It is unknown to the Petitioning Creditors at this time if other motions are scheduled to be presented at the September6 Hearing.

18. Under Local Rule 9006-1(e), this Court may rule on this Motion to Shorten without the need for a hearing. Thus, the Petitioning Creditors request that this Motion to Shorten be granted without further hearing.

**CERTIFICATION**

19. Pursuant to Local Rule 9006-1(e)[3], prior to filing the Motion to Shorten, the Petitioning Parties notified the Violating Parties of the relief to be requested in the Motion. No responses have been received.

WHEREFORE, the Petitioning Creditors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A**, (i) granting the relief requested herein; (ii) shortening the notice and objection deadlines for the Motion, and (iii) granting such other, further and different relief as is just and proper.

Dated: September 6, 2023

**ARMSTRONG TEASDALE LLP**

*/s/ Eric M. Sutty*
Eric M. Sutty (No. 4007)
**ARMSTRONG TEASDALE LLP**
1007 North Market Street, 3rd Floor
Wilmington, DE 19801
Telephone: (302) 416-9667
Email: esutty@atllp.com

-and-

---

[3] Local Rule 9006-1(e) requires the inclusion of "an averment of Delaware Counsel for the moving party that a reasonable effort has been made to notify at least counsel to the debtor, counsel to the United States Trustee, counsel of any official committee appointed in the case . . . whether such party objected to the relief sought, or not, or the basis for the moving party not making such an effort." Del. Bankr. L.R. 9006-1(e).

5

Aaron L. Hammer (IL #6243069)
*Admitted Pro Hac Vice*
Nathan E. Delman (IL #6296205)
*Admitted Pro Hac Vice*
**HORWOOD MARCUS & BERK CHARTERED**
500 West Madison, Suite 3700
Chicago, IL 60661
Telephone: (312) 606-3200
Email: ahammer@hmblaw.com

***Counsel to the Petitioning Creditor***